UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AHAD HASAN,

        Petitioner,        3:14-cv-00209-TC

        v.        FINDINGS AND RECOMMENDATION

MARION FEATHER,

        Respondent.

COFFIN, Magistrate Judge.

Petitioner, an inmate in the custody of the Federal Bureau of Prisons housed at FCI Sheridan, filed a petition under 28 U.S.C. § 2241 challenging his conviction on various drug-related offenses pursuant to the § 2255(e) "escape hatch" provision on the ground that he is "actually and factually innocent." Specifically, petitioner claims that his sentence was "enhanced" by the judge based on the "increased drug amounts" set forth in his Pre-Sentence Investigation Report

1 - FINDINGS AND RECOMMENDATION

(PSR), that were not presented to a jury. Petitioner argues that he should be able to make these arguments based on *Alleyne v. United States*, 133 S.Ct. 2151 (June 17, 2013). Respondent contends that petitioner's petition should be denied and this proceeding should be dismissed for lack of jurisdiction because the *Alleyne* decision does not apply retroactively to collateral proceedings and because petitioner has failed to establish "escape hatch" jurisdiction.

The relevant facts are as follows. On October 29, 1993, petitioner was sentenced in the United States District Court for the District of Nebraska to a life sentence and additional, shorter, concurrent sentences, based on numerous cocaine distribution charges. Petitioner directly appealed his sentence and the Eighth Circuit dismissed his appeal. Subsequent requests for certificates of appealability and successive § 2255 petitions were denied by the Eighth Circuit. In September 2008, the Eighth Circuit reviewed petitioner's original file from the sentencing court based on a habeas petition related to the crack cocaine amendment, and entered an order summarily affirming the judgment of the sentencing court. Respondents' Exhibit 1 at p. 23.[1]

In the District of Oregon, this is petitioner's third

---

[1] Petitioner was convicted and pursued various appeals under the name Tracy N. Lomax. Apparently he has changed his name to Ahad Hasan.

2 - FINDINGS AND RECOMMENDATION

request for a § 2241 habeas petition based on the § 2255(e) escape hatch provision. The first was filed in *Lomax v. Daniels*, Case No. 3:04-cv-01604-MA (D. Or). *See*, Exhibit 2. In that petition, petitioner alleged that he was "factually innocent of purported facts and conduct utilized to impose punishment based on the judge's preponderance of the evidence findings beyond what the jury verdict alone authorized." *Id*.., p. 4-5. The court denied the petition based on lack of jurisdiction because petitioner failed to demonstrate that § 2255 was inadequate to test the legality of petitioner's sentence. *Id*. at p. 7. The court held that petitioner's *Blakely* claim failed because "those decisions do not apply retroactively in collateral proceedings," and that petitioner had failed to offer sufficient evidence of actual innocence. *Id*. at p. 6.

In his second § 2241 savings clause petition in the District of Oregon, *Hasan v. Feather*, Case No. 13-363-HZ (D.Or.), petitioner claimed, *inter alia*, that "the enhancement provisions of 21 U.S.C. § 841(b) were not charged in the indictment, nor cited in the judgment order." Exhibit 3 at p. 5-6. The court concluded that petitioner was again trying to challenge the legality of his life sentence "while contending he is not" by trying to assert a § 2241 actual innocence claim. *Id*. The court denied the petition based on a failure

3 - FINDINGS AND RECOMMENDATION

to show that § 2255 was inadequate to test the legality of his sentence. *Id.* at p. 8. The Ninth Circuit denied petitioner's request for a certificate of appealability on September 7, 2013. *Id.* at p. 10.

As noted above, the petitioner in this proceeding requests habeas review of his conviction pursuant to the § 2255(e) escape hatch provision claiming that he is actually innocent of his convicted crimes. Specifically, petitioner alleges that his sentence was "enhanced" by the judge based on the "increased drug amounts" set forth in his PSR, that were not presented to a jury. Petitioner relies on *Alleyne v. United States*, supra.

A federal inmate may challenge his sentence under two main statutes, 28 U.S.C. § 2241 and § 2255. A § 2241 petition generally challenges the *execution* of a sentence such as the "manner, location, or condition" of confinement. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Motions under § 2255 are the proper way to challenge the *imposition* of a sentence. Specifically, pursuant to 28 U.S.C. § 2255, a federal inmate "may move the court which imposed the sentence to vacate, set aside or correct the sentence." Generally, all "motions to contest the legality of a sentence must be filed under § 2255." *Hernandez*, 204 F.3d at 864. The exception to this rules arises when § 2255 is considered "inadequate or

4 - FINDINGS AND RECOMMENDATION

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). This exception is known as the "escape hatch" or the "savings clause" provision under § 2255, and allows inmates to challenge the imposition of a sentence under § 2241. *Hernandez*, 204 F.3d at 864 n. 2.

The reviewing court must first conduct an analysis of whether a § 2241 escape hatch petition has been properly filed by determining if the petitioner has established: 1) that he is "actually innocent" of his convicted crimes; and 2) that he has not had an "unobstructed procedural shot" at presenting his claims to the sentencing court. *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012) *citing Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Unless a petitioner can meet these two requirements for § 2241 escape hatch jurisdiction, he must challenge the legality of his sentence through a § 2255 motion in the sentencing court.

In the Ninth Circuit, "actual innocence" in the context of the § 2255 escape hatch provision, requires a petitioner to show that "in the light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Muth*, 676 F.3d at 819, 822 *citing Stephens*, 464 F.3d at 898.

Petitioner contends that because the court enhanced his sentence based on "increased drug amounts" set forth in the

5 - FINDINGS AND RECOMMENDATION

PSR that were not presented to the jury that he is actually and factually innocent of the enhancements and the "increased drug amounts." Petition (#1) p. 10.

Petitioner's argument is in essence a challenge to the admissibility of the evidence used against him at sentencing. Actual innocence" means "factual innocence, not mere legal insufficiency." *Muth*, 676 F.3d at 819, 822, *citing Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also, Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (pure legal claims do not create a cognizable actual innocence claim for purposes of qualifying under the § 2255 escape hatch). Petitioner has not alleged any new facts or evidence that demonstrate he is "actually innocent" of the crimes he was convicted of, or that "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299, 327-28 (1995); *Marrero v. Ives*, 682 F.3d at 1193 (a petitioner cannot assert a claim of actual innocence of a noncapital sentencing enhancement).

Even if petitioner's argument could be construed as asserting a cognizable actual innocence claim, he has failed to establish the second prong of the escape hatch analysis because he has not shown that his § 2255 petitions to the sentencing court have been obstructed, inadequate or ineffective.

6 - FINDINGS AND RECOMMENDATION

Petitioner's argument in this proceeding is similar to the argument that was presented in his previous petition in *Lomax v. Daniels*, Case No. 3:04-CV-01604-MA (D. Or.) Respondents Exhibit 2. In that case, the court denied petitioner's claim that he was "factually innocent of purported facts and conduct utilized to impose punishment" because the cases petitioner relied on were not retroactively applicable on collateral review, and because petitioner failed to establish his actual innocence. *Id*. at 4, 6.

In this case, petitioner relies on *Alleyne v. United States*. 133 S.Ct. 2151, 2155 (June 17, 2013) In *Alleyne*, the Supreme Court adopted a new constitutional rule of criminal procedure, holding that the prosecution must prove any fact (except the fact of a prior conviction) that increases a mandatory minimum sentence to a jury beyond a reasonable doubt. However, the Supreme Court has held that except in certain circumstances not applicable to this case,[2] "new constitutional rules of criminal procedure will not be applicable to those cases which became final before the new rules are announced." *Teague v. Lane,* 489 U.S. 288, 310 (1989). Petitioner's attempt to characterize the *Alleyne*

---

[2]See*, Beard v. Banks*, 542 U.S. 406, 416-17 (2004); and *Schiro v. Summerlin*, 542 U.S. 348, 351-52 (2004) [where new rule forbids punishment and where new rule is a "watershed rule" that "implicates the fundamental fairness and accuracy of the criminal proceeding."].

7 - FINDINGS AND RECOMMENDATION

holding as a "substantive" rather than procedural rule, is not convincing.

*Alleyne* is recognized as an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the Ninth Circuit has already determined that *Apprendi* is not a watershed rule. *See, United States v. Sanchez-Cervantes*, 282 F.3d 664, 671 (9th Cir. 2002). In addition, other courts and circuits have also found that *Alleyne* should not be applied retroactively. *See*, *United States v. Redd*, 735 F.3d 88, 91-92 (2nd Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne*, 2013 WL 5200425 at *1-2 (10th Cir. Sept 17, 2013); *United States v. Puzon-Batan*, 2014 WL 1248010 at *2 (S.C. Cal. March 2014).

In summary, I find that petitioner's claim in this proceeding is in essence a challenge to the legality of his sentence "disguised" as a § 2241 actual innocence claim. *See, Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). Petitioner has failed to establish entitlement to the § 2255(e) "escape hatch" or "saving clause" provision jurisdiction because he has failed to offer evidence that he is actually innocent or that he has not had an "unobstructed procedural shot" at presenting his claims to the sentencing court. Therefore he has failed to establish that § 2255 is "inadequate or ineffective to test the legality of [his]

8 - FINDINGS AND RECOMMENDATION

detention."

Petitioner's Petition (#1) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial*

9 - FINDINGS AND RECOMMENDATION

*showing of the denial of a constitutional right.* See, 28 U.S.C. § 2253(c)(2).

DATED this 8t day of August, 2014.

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　Thomas M. Coffin
　　　　　　　　　　　　　　United States Magistrate Judge